UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Glenda Kaye Jackson, | ) | Case No. 16-42695-drd7 |
| Debtor | ) | |

**MEMORANDUM OPINION**

Before this Court is the Motion to Redeem Property (the "Motion") filed by Glenda Kaye

Jackson (the "Debtor") pursuant to §722 of the Bankruptcy Code and Bankruptcy Rule 6008.  A

limited objection to the Motion was filed by Wollemi Acquisitions, LLC (the "Creditor").  The

Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334(b) and 157(a) and (b).  This

is a core proceeding which this Court may hear and determine pursuant to 28 U.S.C. §157(b)(2)(A)

and (O).  For the reasons that follow, the Motion is denied.

## I.     FACTUAL BACKGROUND

The facts recited below have been stipulated by the parties.  The Debtor filed her Chapter

13 bankruptcy petition in September of 2016.  In her Schedules, she lists a property interest in a

2014 Kia Forte (the "Vehicle") secured by a lien held by Santander Consumer USA ("Santander").

In her confirmed plan, the Debtor proposed to pay Santander $8,813.76 at the Trustee's rate of

interest, with the remaining debt to be treated as unsecured.  Santander filed a claim in the total

amount of $21,328.42, secured by the Vehicle (the "Claim"), and subsequently transferred it to the

Creditor.

The Vehicle sustained hail damage after the filing of the bankruptcy.   In April of 2019, it

was damaged further when another vehicle hit it.  In June of 2019, the Debtor filed a motion to

convert her case to Chapter 7, and it was granted soon after.

In her Motion, the Debtor seeks to redeem the Vehicle for a total of $529.51. This is derived by applying the principal amount the Chapter 13 Trustee paid to the Creditor before the case was converted, $3,324.84, to the Debtor's value of the Vehicle on the date of conversion, $3,854.35.

Throughout the proceeding, the Debtor has maintained insurance on the Vehicle. The Debtor has not made an insurance claim on the damage to the Vehicle.

## II.      DISCUSSION

The parties have agreed that two issues of law must be resolved:

1)   whether, when calculating the amount due to redeem the Vehicle, the redemption value should be reduced by payments to principal that Creditor received from the Trustee before the case was converted; and

2)   whether the redemption value of the Vehicle may be reduced due to damage sustained before the case was converted, where the Debtor has not submitted an insurance claim on that damage.[1]

A.      <u>Should the value to redeem the Vehicle be reduced by the payments disbursed to the Creditor by the Chapter 13 Trustee?</u>

With respect to the first issue articulated above, the Creditor contends that the redemption value should not be reduced by payments it received from the Trustee prior to conversion, relying on the language of §348(f). The Debtor takes the opposing view.

Section 348(f) provides in part:

---

[1]As a threshold matter, the Creditor mentioned on page 2 of its brief the issue of whether valuation of property in a chapter 13 applies to a converted chapter 7. The answer is unequivocally "No." Bankruptcy Code §348(f)(1)(B) expressly states that valuations of property apply only to cases that were converted to chapter 11 or 12, but not to cases converted to chapter 7. Upon conversion of a case from chapter 13 to chapter 7, the statute places the parties in the same position regarding the valuation of property as if the debtor initially filed a chapter 7 case in which no valuation had yet occurred. *In re Martinez*, 2015 WL 3814935 (Bankr. D.N.M. June 18, 2015), *7.

(1) Except as provided in paragraph (2), when a case under chapter 13 of this title is converted to a case under another chapter under this title –

(B) valuations of property and of allowed secured claims in the chapter 13 case shall apply only in a case converted to a case under chapter 11 or 12, but not in a case converted to a case under chapter 7, with allowed secured claims in cases under chapters 11 and 12 reduced to the extent that they have been paid in accordance with the chapter 13 plan; and

(C) with respect to cases converted from chapter 13 –

(i)     the claim of any creditor holding security as of the date of the filing of the petition shall continue to be secured by that security unless the full amount of such claim determined under applicable nonbankruptcy law has been paid in full as of the date of conversion, notwithstanding any valuation or determination of the amount of an allowed secured claim made for the purposes of the case under chapter 13….

This is a significant departure from the pre-BAPCPA version of §348(f), which

read:

(1) Except as provided in paragraph (2), when a case under chapter 13 of this title is converted under another chapter under this title –

(B) valuations of property and of allowed secured claims in the chapter 13 case shall apply in the converted case, with allowed secured claims reduced to the extent that they have been paid in accordance with the chapter 13 plan.

As noted by the Creditor, the pre-BAPCPA version specified that, for purposes of valuation, allowed secured claims in a chapter 13 were to carry through to any converted case, with the valuation reduced by payments made pursuant to the plan.  In contrast, the amended version of §348(f) explicitly states that valuations of allowed secured claims will not apply to a case converted to chapter 7.  The logical consequence of that exclusion is that the "new" valuation in the chapter 7 will not take into account payments disbursed to the secured creditor in the previous chapter 13 case.   In other words, it is implicit from the language carving out chapter 7

cases that the payments made previously made by the chapter 13 trustee are irrelevant to the valuation of the secured claim.

Several courts have relied on this revision in concluding that an allowed claim can no longer be reduced by payments made in a chapter 13 case.  In *In re Maynard*, 2016 WL 3135069 (Bankr. N.D. Ohio May 25, 2016), for example, the chapter 13 debtors' confirmed plan provided for cramdown on the creditors whose claims were secured by two vehicles.  About a year and a half after filing bankruptcy, the debtors converted their case to chapter 7 and sought to redeem the vehicles for the amounts already paid to the creditors during the chapter 13 proceeding.  The disbursements were sufficient to cover the secured portions of the debt, but not the unsecured portions.  The court denied the debtor's motions to redeem as proposed. Citing the 2005 amendment to §348(f), the court stated that "[n]o longer does the determination of [an] allowed secured claim carry through to chapter 7, nor is that claim reduced by the payments in chapter 13. Moreover, the creditor retains the lien unless the full amount of the claim, as determined under nonbankruptcy law, was paid."  *Id*. at *4 (citing *In re McGregor*, 449 B.R. 468 (Bankr. D.S.C. 2011)).  *See also In re Nance*, 2013 WL 2897527 (Bankr. M.D.N.C. June 12, 2013), *7 ("[T]he new provisions of 11 U.S.C. §348 under BAPCPA mandate that [the creditor] prevails in that the allowed secured claim may not be reduced pursuant to payments made in the chapter 13 case and the lien is not extinquished.").  The Court notes that in this case, the full amount of the Creditor's claim was not in fact paid, and as a result, the Creditor retains its lien on the Vehicle.

The Debtor cites several cases in support of her argument that payments distributed by the chapter 13 trustee should be applied to the redemption amount after conversion to chapter 7, but the decisions rely on the pre-BAPCPA version of §348(f).  They are, therefore, not applicable. The Debtor also acknowledges that there have been changes to the operative statutes over the years

4

but none that contradict her position.  That is simply untrue.  It is abundantly clear from the plain language of the current version of §348(f) that the redemption value is not to be reduced by payments made to the secured creditor under the previous chapter 13.

As the Creditor asserts, this result is in line with public policy.  The Debtor owed over $21,000 on the car loan at the time of the chapter 13 filing.  She drove the Vehicle for more than two and a half years before converting her case to chapter 7.  During that period, the Trustee distributed a total of $4,050, inclusive of interest, to the Creditor, or approximately $126.56 per month.  The Creditor's contention that these should be viewed as adequate protection payments instead of credits to the redemption value is logical.  The Creditor is also correct in its assessment that if the Debtor had dismissed her chapter 13 and filed a new chapter 7, she would not be entitled to reduce the redemption amount by the payments made in the previous chapter 13 case.  As noted above, the underlying policy is that the parties should be in the same position they would be in had the Debtor simply filed a chapter 7 on the date of conversion.  In addition, applying chapter 13 disbursements would be tantamount to the debtor redeeming the property in installments rather than with a lump sum payment, contrary to the law in this District and others.  *See In re Tucker*, 158 B.R. 150 (Bankr. W.D. Mo. 1993); *In re Burba*, 42 F.3d 1388 (6th Cir. 1994) ("[T]he 'lump sum rule' precludes a Chapter 7 debtor in a converted case from redeeming collateral for the stripped down value determined under the payment plan in Chapter 13, because this plan would have been an impermissible installment redemption under Chapter 7.").  If Chapter 13 debtors were allowed to effectively redeem by installment, they would be incentivized to convert to Chapter 7 as soon as the allowed secured claim was paid, thus encouraging abuse of the bankruptcy process and defeating the expectations of unsecured creditors who may not yet have received any payments under the Chapter 13 plan.  *Id.*

B.        Should the redemption value reflect the Vehicle's value had its damage been repaired?

With respect to the second issue regarding the redemption value in light of the fact that the

Debtor has not submitted an insurance claim on the damaged Vehicle, the Creditor argues that the

redemption value should be increased by the insurance proceeds (less the deductible) if the Debtor

had made a claim or, put another way, that the Vehicle should be valued as though the repairs had

been made.  This Court agrees for several reasons.

Pursuant to §722, to redeem personal property, a debtor must pay the lienholder "the

amount of the allowed secured claim of such holder that is secured by such lien in full at the time

of redemption."  An allowed claim is secured "to the extent of the value of [the] creditor's interest

in the estate's interest in such property…." 11 U.S.C. §506(a)(1).  That value should be determined

in light of the purpose of the valuation and of the proposed disposition or use of the property. *Id.*

The proper method of valuation for a chapter 7 debtor is the replacement value of the collateral,

which is defined as the price a retail merchant would charge for property of that kind considering

the age and condition of the property at the time value is determined.  11 U.S.C. §506(a)(2).

The Debtor is correct when she states that the Code does not *require* the Court to consider

what the condition of the collateral could have been if it had been repaired or improved, but

relevant case law demonstrates that the Court *may* take that into account in determining redemption

value. *See, e.g., In re Van Holt*, 28 B.R. 577 (Bankr. W.D. Mo. 1983)(when debtors who received

insurance proceeds failed to repair the damaged vehicle, court concluded that the vehicle's value

must be enhanced by the amount of the proceeds).

The appropriate time for valuing collateral for purposes of redemption is the date the

motion to redeem is filed or, if contested, the hearing date on the motion. *In re Podnar*, 307 B.R.

667 (Bankr. W.D. Mo. 2003).   An earlier date might be appropriate if the creditor demonstrates

undue delay, negligence or other inequitable acts of the debtor which unfairly decreases the value of the collateral. *Id.* at 673.

Although the Creditor does not explicitly accuse the Debtor of acting in bad faith by not filing an insurance claim, it does contend that failing to do so for damage sustained to the Vehicle she seeks to redeem is an example of acting in a manner that inequitably decreases the Vehicle's value. The Debtor asserted in her brief that she did not file an insurance claim because she could not afford the deductible while she was struggling to fund her chapter 13 plan. However, that "fact" was noticeably absent from the parties' Joint Stipulation of Facts, and the Debtor presented no evidence whatsoever to support this assertion. This Court agrees with the Creditor that a debtor who chooses not to submit an insurance claim on damage to collateral should not be able to reap the benefits of his or her inaction. If that were allowed, it would create a windfall in favor of the debtor who could redeem the property at a lower value, then collect the insurance proceeds and repair the damaged property, and enjoy the enhanced value at the expense of the lienholder. Therefore, the "as is" value of the Vehicle (that is, a reduced value due to damage sustained after the filing of the chapter 13 but before the case was converted to chapter 7) is not the proper valuation for redemption purposes.

### III.    CONCLUSION

Pursuant to §348(f) as amended by BAPCPA, an allowed secured claim can no longer be reduced by payments made in accordance with a chapter 13 plan. This is consistent with the policy underlying the requirement that the redemption amount be paid in a lump sum. Accordingly, the value of the Vehicle for purposes of redemption cannot be reduced by the amount the Creditor has received from the chapter 13 Trustee. Additionally, §722 requires a debtor who wants to redeem personal property to pay the lienholder the allowed amount of the secured claim in full as

determined by §506(a).  In this case, the Debtor did not submit a claim for damages to the insurance

company, nor did she provide evidence that her inaction was due to her inability to pay the

deductible.  The value of the Vehicle necessarily decreased.  To allow the Debtor to redeem the

Vehicle for the lower amount would create a windfall in her favor at the expense of the Creditor.

Therefore, the Vehicle should be valued for redemption purposes as if the repairs had been made.

For the foregoing reasons, the Debtor's Motion to Redeem Property as proposed is denied.

The Court will schedule a status conference to determine the most expeditious way to resolve this

matter.


Date: February 3, 2020                          */s/Dennis R. Dow*
                                                THE HONORABLE DENNIS R. DOW
                                                UNITED STATES BANKRUPTCY JUDGE